In The United States District Court for the

Southern District of Texas

Houston Division

United States Courts
Southern District of Texas
F I L E D

MAY 21 2021

Nathan Ochsner, Clerk of Court

Mitchell Carter, Plaintiff

V.

The City of Missouri City, Texas

Civil Action No. 

## Original Complaint

Plaintiff Mitchell Carter, the lawful owner and current possessor of the property located at 3702 Thunderbird St., Missouri City, TX 77459, Fort Bend County at by virtue of a deed files this Original Complaint against Defendants Missouri City, Quail Valley Golf Course, Jeffery D. Blume Limited, et al, asserting causes of action for violating plaintiff's constitutional rights to be free from the taking of plaintiff's property without due process of law.

## JURISDICTION

This court has jurisdiction in the case pursuant to 28 ISC 1330 and 1331 as this case involves the violation of plaintiff's constitutional rights secured by the fifth amendment to the United States Constitution.

## FACTS

I.  Plaintiff is the fee simple owner of certain real property, hereafter referred to as "the Property" and described commonly follows:  located at 3702 Thunderbird St., Missouri City, TX 77459.

II.  In 2008, Missouri City purchased Quail Valley golf course. Later the same year, Missouri City undertook a significant alteration of the 15th Hole.

III.  Part of this alteration included enlarging and expanding an existing body of water that was serving as a water hazard on the 15th Hole. At the time of this alteration, Mr. Carter was told that the water hazard was being enlarged to increase the difficulty and

|      |      |
| ---- | ---- |
|      | challenge of the hole.  As part of the enlargement of the water hazard, several elevated berms that ran along the left side of the hole (immediately adjacent to FM 1092) were removed.  Before their removal, these elevated berms had contained water runoff from FM 1092 during heavy rainstorms and acted as barriers that prevented water from spilling onto the fairway of the 15th Hole. |
| IV.  | These changes to the 15th Hole had two direct impacts on the Property.  First, the enlarged water hazard was now located very close the back property line of the Property. Second, without the elevated berms acting as water barriers, heavy rains would bring water flow directly into the newly enlarged water hazard.  Whenever this would occur, Mr. Carter noticed a considerable increase in standing water on his property after rainstorms.  Mr. Carter specifically complained to Missouri City about these issues.  The possibility that Mr. Carter home could have flooded after these changes should have been obvious to anyone, including Missouri City. |
| V.   | In August 2017, the area around Quail Valley received heavy rainfall as a result of Hurricane Harvey.  On the evening of August 27, 2017, Mr. Carter was awoken in the middle of the night and saw that his home was flooding.  At its peak, water in Mr. Carter's home was several inches deep.  When he went outside, he saw exactly where the water was coming from – it was spilling over the portion of the water hazard that had previously been enlarged and flowing directly into the Property.  On the other side of the hazard, water was heavily flowing into it from the area where the berms had once been located.  Essentially, the water runoff was heading into the water hazard, which was in turn spilling water into Mr. Carter's backyard and house. |
| VI.  | Defendants knew or should have known that they created a condition that substantially interferes with the use and enjoyment of Plaintiffs land and caused unreasonable discomfort and annoyance to anyone's ordinary sensibilities. |
| VII. | Unless temporary and further permanently ordered to remedy the issue, Defendants will do Plaintiffs, parties and citizens continuous irreparable injury and damages in an amount which is more than the minimum jurisdictional limits of this Honorable |

Court, for which there is not adequate remedy at law. Exemplary or punitive damages due to the fact that the defendants have acted willfully, maliciously or frequently in this case.

VIII. Prior to filing this suit, plaintiff notified lead Defendant, the City of Missouri City, in writing, and requested that defendant rectify the subject Plaintiffs harm. The City of Missouri City refused in writing on April 9th, 2018. Defendants refusal to remedy the design flaws in the golf course was willful, wanton, deliberate, and in bad faith, and was done with gross indifference and reckless disregard of the rights of the plaintiff, without justification, or excuse. The above stated negligent acts of the Defendant were the proximate cause of Plaintiffs Property damage. Plaintiff therefore is entitled to recover exemplary damages, for which plaintiff sues.

## REQUEST FOR RELIEF

IX. Wherefore, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on the final trial, after hearing the evidence, since there is not proper remedy at law Plaintiff will have a permanent injunction issued from this court enjoining Defendants from maintaining the Quail Valley Golf course in any manner that interferes with the use by Plaintiffs or the public of such property, or with the maintenance thereof, that Plaintiffs and parties and citizens of interest have judgement against the Defendants in an amount for in excess of the minimum jurisdictional limits of this Court, which should be apportioned to Plaintiffs as the Court deems just and right under all the circumstances; that Plaintiff be granted damages $250 per day for that they have thus far suffered with such calculation of damages to continue on a daily basis until such time as Defendant completely remove the obstruction complained of herein; for interest on the judgment at the legal rate; for costs of Court in this behalf expended; and for such other and further relief, both general and special, legal and equitable, including attorney fees to which they may show themselves justly entitled.

## PRAYER

X.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for damages in the amount of more than $100,000.00. Plaintiff prays that Defendants be cited in terms of the law to appear and answer herein, and that upon final trial of this cause they have permanent injunction issued from this Court enjoining Defendants from maintaining the Quail Valley Golf Course in any manner that interferes with the use by Plaintiffs or the public of such property, or with the maintenance thereof, that Plaintiffs and parties and citizens of interest have judgment against the Defendants in an amount for in excess of the minimum jurisdictional limits of this Court which should be apportioned to Plaintiffs as the Court deems just and right under the United States Civil Rights Act.

Respectfully submitted,

*/s/ Mitchell Carter*

Mitchell Carter

3702 Thunderbird

Missouri City, Texas 77459

Phone # 832-594-6565

Cell # 832-752-6954

Pro Se